UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



LG Capital Funding, LLC,

                Plaintiff,

—v—

Stragenics, Inc.,

                Defendant.

17-CV-4295 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Plaintiff's motion for the entry of default judgment. For the following reasons, the Court GRANTS the motion.

## I. Background

Plaintiff LG Capital Funding, LLC ("Plaintiff" or "LG") filed its Complaint against Defendant Stragenics, Inc. ("Defendant" or "ASAB") on June 7, 2017. Dkt. No. 1. On July 3, 2017, Plaintiff filed an affidavit of service showing that the Summons and Complaint were served upon Barbara Grofe, the wife of the owner of ASAB, Alan Grofe, on June 17, 2017. Dkt. No. 9. Defendant never responded to the Complaint or appeared in this action. Accordingly, on September 5, 2017, Plaintiff sought a Clerk's Certificate of Default, which it received on October 6, 2017. Dkt. Nos. 10, 13. On October 17, 2017, Plaintiff then filed the instant motion for default judgment. In accordance with the Rule 3.L of the Court's Individual Practices in Civil Cases, the motion for default judgment and supporting paperwork were also served on the defendant, and an affidavit of service filed. *See* Dkt. Nos. 21, 25. Nonetheless, Defendant still has not appeared and the motion is deemed unopposed.

1

The action relates to an April 1, 2015 Debt Purchase Agreement LG entered into with Liberty Resources, Inc. in connection with the purchase of convertible debt issued by ASAB to Liberty Resources, Inc. Complaint ("Compl."), Dkt. No. 1, ¶ 6. ASAB then issued two 8% Convertible Redeemable Notes to LG, one for $50,000 and one for $60,000. *Id.* ¶¶ 7-11. The Notes each state that ASAB promises to pay to LG the aggregated principal face amount of the Note, as well as interest thereupon, on each Note's Maturity Date. *Id.* ¶ 14. Each Note provides that upon an "Event of Default," interest will accrue at a default rate of 24% per annum. *Id.* ¶ 16. LG exercised its right to convert part of the outstanding and unpaid principal on Note 1 into shares of ASAB common stock, leaving the remaining principal balance on Note 1 at $27,980. *Id.* ¶¶ 17-21.

On April 1, 2016, Note 1 reached maturity and became due and payable, but ASAB did not remit payment to LG. *Id.* ¶¶ 22-23. By failing to pay the principal and interest of Note 1, ASAB caused an "Event of Default," as defined in Section 8(a) of Note 1. *Id.* ¶ 26. Section 8(a) of each Note also contains a "cross-default" provision, meaning that ASAB's default on Note 1 also caused Note 2 to be in default as of April 1, 2016. *Id.* ¶¶ 27-28. Between a provision in Section 8 of the Notes that automatically increased the outstanding principal due by 10%, and the interest that accrued, as of the date of the filing of the Complaint, the total amount owed by ASAB on the Notes was $130,480.00. *Id.* ¶¶ 24-25, 31-32. Sections 7 and 8 of each Note also contain an agreement to pay costs and attorney's fees incurred in collecting any amount due. *Id.* ¶¶ 34-35.

**II. Legal Standard**

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a

default judgment. *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, is fairly rote; it simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 128 (2d Cir. 2011); Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop,* 645 F.3d at 128. Nonetheless, the district court must still determine whether the allegations in the complaint state a claim upon which relief may be granted. *See Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981). Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. Discussion

Defendant has not participated in this litigation, despite service of the Complaint and service of the instant motion and its supporting papers. Accordingly, default judgment is proper if Plaintiff's allegations, taken as true, are sufficient to establish liability. *See Finkel v. Allstar Elec. Corp.,* No. 11-CV-3222 (KAM)(RER), 2013 WL 4806951, at *3 (E.D.N.Y. Sept. 9, 2013); *Lenard v. Design Studio,* 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012) (the court must first determine whether the allegations in the complaint were sufficiently pled to establish liability).

#### A. Plaintiff Establishes a *Prima Facie* Case for Recovery

Plaintiff's first claim for relief is for breach of the notes. Plaintiff has established that Defendant breached the terms of the Notes by failing to repay the money due and owed to

3

Plaintiff at the date of maturity. Under New York law, "an action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *First Inv'rs Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (internal quotation marks omitted). In this case, the plain language in the Debt Purchase Agreement, Securities Purchase Agreement, and Notes 1 and 2, all signed by Alan Grofe, President and CEO of Stragenics, Inc., clearly establish proof of the contractual obligations between the parties. *See* Dkt. No. 28, Ex. B. Accepting Plaintiff's allegations as true, Defendant's failure to pay the unpaid principal and accrued interest at the date of maturity of Note 1 constitutes a breach of both Notes. Additionally, per Sections 7 and 8 of the Notes, Plaintiff is entitled to all costs and expenses incurred in collecting this debt, as set forth in its third claim for relief.

## B. Plaintiff Provides Sufficient Evidence of Damages

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted). Establishing the appropriate amount of damages involves "determining the proper rule for calculating damages on ... a claim" and "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* at 155. The Second Circuit has approved the holding of a damages inquest by affidavit, without a court hearing, "as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks and citation omitted).

The calculation of damages in a breach of contract case governed by New York law is guided by two fundamental principles. First, the damages amount "should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 196 (2d Cir. 2003). Second, "New York courts are clear that breach of contract damages are measured from the date of the breach." *Id.* at 196.

Had Defendant performed the contract, Plaintiff would be entitled to the total amount outlined by the Plaintiff in a supporting declaration. *See* Declaration of Joseph Lerman, Dkt. No. 16, ¶¶ 6-7. The total – $138,771.54 – represents the amount due and owing as of October 17, 2017, the date the motion for default judgment was filed. However, Plaintiff is entitled to further default interest at a rate of 24% per annum until the date of entry of judgment. *See LG Capital Funding, LLC v. One World Holding, Inc.*, No. 15-CV-698 (SJ)(JO), 2018 WL 3135848, at *11-13 (E.D.N.Y. June 27, 2018) (discussing a split of authority regarding usury and defaulted obligations, but noting that the New York usury cap is 25% regardless). The calculation is well-supported and a hearing is unnecessary.

Additionally, counsel submitted an itemized and contemporaneously prepared bill showing 25.3 hours spent on this matter at $250 per hour, for a total of $6,325 in attorneys' fees, and $475 in costs incurred. When the contract provides for an award of attorneys' fees to the prevailing party, "the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as the amounts are not unreasonable." *Diamond D Enters. USA Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992). The attorney's fees and costs are reasonable, *see, e.g., Bank of Am., N.A. v. Brooklyn Carpet Exchange, Inc.*, No. 15-CV-5981 (LGS)(DF), 2016 WL 8674686, at *7-8 (S.D.N.Y. May 13, 2016) (approving rates over

$300/hour in a breach of contract case and collecting other cases), *report and recommendation adopted by* 2016 WL 3566237 (June 27, 2016), as are the number of hours billed. *See id.* at *10 (collecting cases finding similar numbers of hours reasonable in default judgment cases).

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for the entry of default judgment is GRANTED.

The Clerk of Court is respectfully directed to enter judgment for Plaintiff in the amount of $145,571.54, representing $138,771.54 in outstanding principal and unpaid interest as of October 17, 2017, plus $6,325 in attorneys' fees and $475 in costs. Additionally, the Clerk of Court is directed to calculate the additional interest owed from October 17, 2017 to the date a final judgment awarded damages is entered in this action, calculated at 24% per annum.

SO ORDERED.

Dated: July 25, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge